IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § <br> § <br> § <br> vs. § <br> § <br> § <br> § <br> CARL JOHNSON (1) § | CASE NO. 6:23-CR-00079-JCB |

**REPORT AND RECOMMENDATION**
**ON REVOCATION OF SUPERVISED RELEASE**

On January 30, 2024, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Dustin Farahnak. Defendant was represented by Assistant Federal Defender Ken Hawk.

*Background*

After pleading guilty to the offense of Conspiracy to Commit Bank Fraud and Wire Fraud, a Class B felony, Defendant Carl Johnson was sentenced on August 17, 2022 by United States District Judge Ed Kinkeade of the Northern District of Texas, Dallas Division. The statutory maximum imprisonment term was 30 years. The guideline imprisonment range, based on a total offense level of 14 and a criminal history category of VI, was 37 to 46 months. Defendant was sentenced to imprisonment for a term of 24 months followed by a 4-year term of supervised release subject to the standard conditions of release, plus special conditions to include restitution of $129,425.86, no fiduciary capacity employment, no forms of untrue identification, no selling of assets more than $500, financial disclosure, no new lines of credit, substance abuse treatment and testing, and a $100 special assessment. Defendant completed his term of imprisonment and started his term of supervised release on December 9, 2022. The case was transferred to the Eastern

1

District of Texas, Tyler Division, and assigned to United States District Judge J. Campbell Barker on June 29, 2023.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on June 29, 2023, United States Probation Officer Andrea Van Ness alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition #3): The defendant must refrain from any unlawful use of a controlled substance.  The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.**  It is alleged that Defendant tested positive for marijuana/THC at the Tyler Supervision Office on December 29, 2022; February 22, 2023; and May 5, 2023.  It is also alleged that Defendant tested positive for marijuana/THC at the drug testing vendor on April 12, 2023 and June 7, 2023.

2. **Allegation 2 (standard condition #2):  After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when he must report to the probation officer, and he must report to the probation officer as instructed.**  It is alleged that Defendant failed to report as instructed to the Tyler Supervision Office on June 12, 2023.

3. **Allegation 3 (special condition):  The defendant shall pay to the United States a special assessment of $100.00 which is due immediately.**   It is alleged that Defendant failed to make monthly payments towards his special assessment balance since the start of his supervised release on December 9, 2022, for the months of January, February, March, April, and June of 2023, as instructed by the U.S. Probation Officer.  It is alleged that his current balance is $50.00.

4. **Allegation 4 (special condition):  The defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged.  The probation officer, in consultation with the treatment provider, will supervise his participation in the program.  The defendant must pay any cost associated with treatment and testing.**  It is alleged that Defendant was unsuccessfully discharged from substance abuse treatment at the County Rehabilitation Center in Tyler, Texas, on June 14, 2023 due to repeated appointment cancellations and no shows.  It is also alleged that Defendant failed to report as instructed on June 22, 2023 for a scheduled drug test at the drug testing vendor.

5. **Allegation 5 (special condition):  The defendant shall pay any remaining balance of restitution in the amount of $129,425.86, as set out in the judgment.**  It is alleged that Defendant has failed to make any monthly payment as instructed by the U.S.

Probation Officer towards his restitution balance since his release onto supervised release on December 9, 2022.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class B felony. Accordingly, the maximum imprisonment sentence that may be imposed for the Class B felony is 3 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by using and possessing marijuana/THC, failing to report as instructed, being unsuccessfully discharged from substance abuse treatment, failing to report for a scheduled drug test, failing to pay his special assessment fee, and failing to pay restitution as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was VI. The guidelines provide that Defendant's guideline range of imprisonment is 8 to 14 months.

### *Hearing*

On January 30, 2024, Defendant appeared for a final revocation hearing. Assistant United States Attorney Dustin Farahnak announced that Defendant and the Government reached an

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

3

agreement for Defendant to enter a plea of true to Allegation 1 of the petition and to jointly request a sentence of imprisonment for a term of 8 months with no further supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 1 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FMC Ft. Worth or, alternatively, FCI Seagoville, to accommodate his medical needs

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 1 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to a term of imprisonment of 8 months with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 1 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to a term of imprisonment of 8 months with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FMC Ft. Worth or, alternatively, FCI Seagoville to accommodate his medical needs.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court.  Defendant waived those rights and executed a written waiver in open court.  The Government also waived its right to object to the Report and Recommendation.  It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to a term of imprisonment of 8 months with no further supervised release.

So ORDERED and SIGNED this 30th day of January, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE